Filed 7/26/16  P. v. Rivas CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>RENE A. RIVAS,<br><br>    Defendant and Appellant. | F071267<br><br>(Super. Ct. No. VCF293262)<br><br><br>**ORDER MODIFYING OPINION AND DENYING REHEARING**<br>[NO CHANGE IN JUDGMENT] |

**THE COURT**:

It is ordered that the nonpublished opinion filed herein on July 11, 2016, be modified as follows:

1. On page 2, the following is removed from the end of the first sentence of paragraph one "and failed to object to hearsay testimony" so the sentence now reads:

> Appellant Rene A. Rivas contends his defense attorney rendered ineffective assistance of counsel because the attorney had a conflict of interest.

2. On page 4, in the fifth paragraph, a comma is added after the phrase "A few months later" in the fourth sentence.

3. On page 4, in the fifth paragraph, the fifth and sixth sentences beginning "When the question" and "The objection" are deleted.

4. On page 4, in the fifth paragraph, the word "then" is deleted from the seventh sentence.

5. On page 5, the first paragraph under the heading Discussion is revised in its entirety and now reads:

> Rivas contends the public defender's office rendered ineffective assistance of counsel because it had a conflict of interest.

6. On page 5, the second paragraph under the heading Discussion is deleted in its entirety.

7. On page 5, the word "will" is deleted from the third paragraph under the heading Discussion so the sentence now reads:

> We address, and reject, Rivas's claim of ineffective assistance of counsel on the basis of a conflict of interest.

8. On page 6, the third full paragraph is deleted in its entirety.

9. On page 6, the first sentence of the fourth full paragraph is revised by deleting "regardless of any statements made by the sister" so the sentence now reads:

> Moreover, the trial court noted that Rivas had violated the terms of mandatory supervision by failing to report to the Probation Accounting Services office, which was the basis used by the court for finding a violation and imposing the 180 days in jail.

There is no change in judgment.

Appellant's petition for rehearing filed on July 19, 2016, is denied.

2.

Franson, J.

WE CONCUR:

Levy, Acting P.J.

Kane, J.

Filed 7/11/16  P. v. Rivas CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>RENE A. RIVAS,<br><br>    Defendant and Appellant. | F071267<br><br>(Super. Ct. No. VCF293262)<br><br>**OPINION** |

-ooOoo-

**THE COURT**[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Darryl B. Ferguson, Judge.

Robert F. Kane, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Lewis A. Martinez and Louis M. Vasquez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Levy, Acting P.J., Kane, J. and Franson, J.

## INTRODUCTION

Appellant Rene A. Rivas contends his defense attorney rendered ineffective assistance of counsel because the attorney had a conflict of interest and failed to object to hearsay testimony. We conclude Rivas's contention is without merit and affirm.

## FACTUAL AND PROCEDURAL SUMMARY

The facts are somewhat convoluted, as Rivas had multiple cases pending at the same time. As there was no trial in any of the cases, facts are taken from transcripts of the hearings and the probation officer's report.

On December 27, 2013, an officer attempted to effect a traffic stop because a vehicle did not have a front license plate. Rivas was the driver; however, he refused to stop and instead, increased his speed. Rivas lost control of the vehicle and crashed the car. He fled the scene, but was arrested in the area. Rivas gave a false name to officers. The car Rivas had been driving had been reported stolen by the owner. The license plate on the vehicle driven by Rivas belonged to a different car, indicating the license plate had been swapped with that of another vehicle.

Rivas was charged in January 2014, in case No. 293262, in count one with unlawful taking of a vehicle, a violation of Vehicle Code section 10851, subdivision (a); count two with receiving stolen property, a violation of Penal Code[1] section 496d, subdivision (a); count three with resisting or obstructing a peace officer, a violation of section 148, subdivision (a)(1); and count four with petty theft, a violation of section 484, subdivision (a). It also was alleged that Rivas had two prior felony convictions and had served a prior prison term.

On January 28, 2014, Rivas was represented by the public defender and pled not guilty to the charges in case No. 293262 and denied the allegations.

---

[1] References to code sections are to the Penal Code unless otherwise specified.

2.

On January 31, 2014, the trial court provided Rivas with an indicated sentence. Rivas was present in court with his defense counsel from the public defender's office. Rivas pled no contest to counts two, three, and four in case No. 293262 and admitted section 666.5 and 667.5 allegations.

On February 27, 2014, Rivas was sentenced to a three-year term in case No. 293262. Two years were suspended; Rivas was placed on mandatory supervision, subject to various terms and conditions, including reporting to his probation officer. In addition, at this same hearing Rivas was sentenced in two other cases. In case No. 292637, he was ordered to serve 90 days and awarded credit for the 90 days he had served. In case No. 291315, dating to 2013, Rivas was sentenced to three years' probation, with 10 days in jail. Rivas was represented by the public defender's office at this hearing.

On August 13, 2014, a bench warrant was issued for Rivas for failure to comply with the terms of mandatory supervision. On August 21, 2014, the public defender was appointed to represent Rivas in the violation of probation matter and entered a denial of the violation.

On August 28, 2014, Rivas was before the court in case No. 304894, where he was charged with giving false information to a police officer; case No. 299548 also was pending. In case No. 299548, Rivas had failed to appear for sentencing. Rivas was initially represented by the public defender, who stated:

> "the Public Defender is declaring a conflict. I'm gonna return all the discovery to the Court. I have a whole stack of it here. He's got like four or five cases. We have to declare a conflict in all of them."

The court relieved the public defender and appointed conflict counsel. The court was advised that Rivas also had case No. 293262 pending on a probation violation for failure to report to the probation officer. The court gave an indicated sentence; Rivas spoke with conflict counsel; Rivas pled no contest to the charge in case No. 304894; and Rivas admitted the probation violation in case No. 293262.

3.

The court proceeded to sentence Rivas in case No. 299548, where Rivas had failed to appear for sentencing; case No. 304894 to which Rivas had pled no contest; case No. 293262, where Rivas had admitted the probation violation; and case No. 291315. The court reinstated Rivas on mandatory supervision in case No. 293262. All remaining counts were dismissed by the People.

On September 26, 2014, Rivas was again before the court and represented by the public defender in case No. 306631. Rivas pled no contest to violations of Health and Safety Code sections 11350 and 11550, and admitted two section 667.5, subdivision (b) allegations. By virtue of his plea, he admitted probation violations. Rivas was referred to the Recovery Court in case No. 306631; he was reinstated on probation in case Nos. 293262 and 299548.

On December 31, 2014, a bench warrant was issued for Rivas. It was alleged he had violated two terms of mandatory supervision.

On February 18, 2015, Rivas was before the court on probation and mandatory supervision violations. The public defender was appointed to represent Rivas and the matter set for further proceedings on February 25, 2015. On February 25, 2015, the matter was continued to March 10, 2015, for a contested hearing.

On March 10, 2015, a contested hearing was held on the two alleged violations of mandatory supervision. Rivas was represented by the public defender. Testimony at the hearing from the probation officer was that after Rivas was placed on mandatory supervision, he met with the probation officer to review the terms of the mandatory supervision. A few months later when the probation officer went to check on Rivas at the home address he was given, Rivas's teenage sister answered the door. When the question was posed asking the probation officer what Rivas's sister had stated, defense counsel objected that the question called for hearsay. The objection was overruled. The probation officer then testified that the sister stated Rivas did not live at that address. The

4.

probation officer also testified that Rivas violated the terms of mandatory supervision by not reporting as required to the Probation Accounting Services office.

At the conclusion of the hearing, the court stated that regardless of whether there was a violation by failing to report an accurate home address, Rivas had violated the terms of mandatory supervision by failing to report to Probation Accounting Services. The trial court imposed 180 days of jail time for the violation, credited Rivas with 56 days of credit against the 180 days, and reinstated mandatory supervision.

On March 13, 2015, Rivas filed a notice of appeal.

## DISCUSSION

Rivas contends the public defender's office rendered ineffective assistance of counsel because: (1) it had a conflict of interest; and (2) defense counsel failed to object to the sister's comment to the probation officer on hearsay grounds.

We summarily reject Rivas's claim that defense counsel rendered ineffective assistance by failing to make a hearsay objection. The record clearly shows that defense counsel from the public defender's office did in fact object to the challenged testimony on the basis of hearsay; the objection was overruled. Consequently, this claim by Rivas has no factual support in the record.

We will address, and reject, Rivas's claim of ineffective assistance of counsel on the basis of a conflict of interest.

The right to effective assistance of counsel includes the right to counsel that is free of any conflict of interest that undermines counsel's loyalty to his or her client. (*People v. Doolin* (2009) 45 Cal.4th 390, 417.) A court accords great deference to a defense attorney's opinion concerning the existence of a conflict of interest. (*People v. Barboza* (1981) 29 Cal.3d 375, 378.)

Here, defense counsel asserted a conflict at the August 28, 2014, hearing, but did not state any facts regarding any potential or actual conflict. The court immediately

5.

relieved the public defender and appointed conflict counsel without making any inquiry into the nature of any potential or actual conflict.

Thereafter, at numerous subsequent hearings, the public defender was again counsel of record for Rivas. Rivas did not raise any objection to being represented by the public defender at any of these subsequent hearings. In order to sustain a claim of ineffective assistance of counsel on appeal, a defendant who raised no objection in the trial court must affirmatively demonstrate on appeal: (1) that an actual conflict of interest existed that adversely affected defense counsel's performance; and (2) absent defense counsel's deficiencies arising from the conflict, it is reasonably probable the result would have been different. (*Mickens v. Taylor* (2002) 535 U.S. 162, 166; *Cuyler v. Sullivan* (1980) 446 U.S. 335, 348; *People v. Mai* (2013) 57 Cal.4th 986, 1009-1010.)

No such showing has been, or can be, made here. There is no information whatsoever in the record regarding the basis for any actual or potential conflict by the public defender's office. The public defender's office never asserted any conflict at any subsequent hearings and we accord great deference to a defense attorney's opinion concerning the existence of a conflict. (*People v. Barboza, supra,* 29 Cal.3d at p. 378.) There are no facts in the record that demonstrate an actual conflict existed. (*Cuyler v. Sullivan*, *supra*, 446 U.S. at p. 350.)

The only claim of deficient performance asserted by Rivas is the alleged failure to object to the sister's statement on the basis of hearsay, a claim the record does not support. Defense counsel raised a hearsay objection, but was overruled.

Moreover, the trial court noted that regardless of any statements made by the sister, Rivas had violated the terms of mandatory supervision by failing to report to the Probation Accounting Services office, which was the basis used by the court for finding a violation and imposing the 180 days in jail. The court continued Rivas on mandatory supervision, despite the violation.

Thus, there is no reasonable probability the result of the hearing on violation of the terms of mandatory supervision would have resulted in a different outcome.  (*People v. Mai, supra,* 57 Cal.4th at pp. 1009-1010.)

## DISPOSITION

The judgment is affirmed.